UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

KUY NAM KO,

Petitioner,

v.

TODD LYONS, *et al.*,

Respondents.

Case No. 5:26-cv-01050-FLA (SP)

**ORDER DENYING PETITIONER'S MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER [DKT. 6]; ORDERING RESPONDENTS TO PROVIDE PETITIONER WITH AN INDIVIDUALIZED BOND HEARING; AND ORDERING PETITIONER'S COUNSEL TO SHOW CAUSE WHY COUNSEL SHOULD NOT BE SANCTIONED**

## **RULING**

On March 5, 2026, Petitioner Kuy Nam Ko ("Petitioner") filed a Petition for Writ of *Habeas Corpus* ("Petition"), pursuant to 28 U.S.C. § 2241, challenging his detention as a violation of the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act ("INA"), the Administrative Procedure Act ("APA"), and applicable regulations. Dkt. 1 ("Pet.").

On March 7, 2026, Petitioner filed the subject Motion for Temporary Restraining Order ("Motion"), requesting the court issue an order "restraining

1

Respondents from continuing to detain him and directing his immediate release from [U.S. Immigration and Customs Enforcement ('ICE')] custody, or in the alternative release under appropriate conditions of supervision." Dkt. 6 ("Mot.") at 2.[1]

On March 11, 2026, Respondents filed a response, stating Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS (BFM), and that his claims appear to be subject to final judgment entered in that action, the *Maldonado Bautista* court's February 18, 2026 Order granting petitioners' motion to enforce the judgment, and any applicable appellate proceedings. Dkt. 9 ("Opp'n") at 2. Respondents, thus, argue Petitioner is, at most, entitled to a bond hearing before an Immigration Judge, pursuant to 8 U.S.C. § 1226(a), rather than release from detention. *Id.* at 2–3. The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated herein, the Motion is DENIED.

As Respondents acknowledge Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista*, and that his claims are subject to the judgment entered therein, Respondents are ORDERED to provide Petitioner with an individualized bond hearing before an immigration court, pursuant to 8 U.S.C. § 1226(a), within seven (7) days of the date of this Order.

Petitioner's counsel is ORDERED TO SHOW CAUSE within seven (7) days of the date of this Order as to why counsel should not be sanctioned for his misrepresentations to the court, including his misquotations of this court's decision in *Mumaev v. Semaia*, No. 5:25-cv-03409-FLA (MAR), 2026 U.S. Dist. LEXIS 40377 (C.D. Cal. Feb. 20, 2026)), as discussed below.

///

---

[1] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

## BACKGROUND

Petitioner is a citizen of the Republic of Korea (South Korea), who entered the United States in 2005 on a B-2 tourist visa.  Pet. ¶¶ 13, 19.  Petitioner fell out of lawful nonimmigrant status when he overstayed his tourist visa and remained in the country, and his removal proceedings commenced on August 17, 2009.  *Id.* ¶¶ 19–20.  On November 15, 2016, the Immigration Court terminated removal proceedings without prejudice, following the approval of a Form I-130 (Petition for Alien Relative) Petitioner's wife, who is a U.S. citizen, filed on his behalf.  *Id.* ¶ 21; Dkt. 3 ("Pet. Exs.") at 4.

On July 10, 2020, Petitioner filed an I-485 application for adjustment of status with U.S. Citizenship and Immigration Services ("USCIS").  Pet. ¶ 22.  On January 28, 2026, USCIS sent Petitioner notice that the interview on his I-485 application was scheduled for February 27, 2026.  Pet. Exs. at 6–7.  Petitioner was arrested and detained by ICE officers on February 27, 2026, immediately following the conclusion of the noticed interview on his Form I-485 application.  Pet. ¶¶ 24–25.

## DISCUSSION

### I.    Legal Standard

"[T]he usual function of a preliminary injunction is to preserve the status quo ante litem pending a determination of the action on the merits."  *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 808 (9th Cir. 1963).  "The status quo is the last uncontested status which preceded the pending controversy."  *Id.* at 809 (citation and quotation marks omitted).

A plaintiff seeking a preliminary injunction or temporary restraining order "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support

issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011). A "serious question" is one on which the movant "has a fair chance of success on the merits." *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1421 (9th Cir. 1984).

The Ninth Circuit follows a "sliding scale" approach to the four preliminary injunction elements, such that "a stronger showing of one element may offset a weaker showing of another, as long as plaintiffs establish that irreparable harm is likely." *Doe v. Kelly*, 878 F.3d 710, 719 (9th Cir. 2017) (cleaned up). The first factor, "likelihood of success on the merits[,] is the most import factor—and even more so when a constitutional injury is alleged." *Matsumoto v. Labrador*, 122 F.4th 787, 804 (9th Cir. 2024); *see also Baird v. Bonta*, 81 F.4th 1036, 1041 (9th Cir. 2023)) ("If a movant makes a sufficient demonstration on all four Winter factors …, a court must not shrink from its obligation to enforce his constitutional rights, regardless of the constitutional right at issue.") (cleaned up).

A writ of *habeas corpus* may be granted to any petitioner who demonstrates "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "[A]t its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Rasul v. Bush*, 542 U.S. 466, 474 (2004). A petitioner "bears the burden of demonstrating that he is in custody in violation of the Constitution or laws or treaties of the United States." *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1159 (S.D. Cal. Oct. 1, 2025) (cleaned up).

/ / /

/ / /

4

## II.    Analysis

Petitioner contends he is being detained unlawfully "despite the fact that his prior removal proceedings had been terminated years earlier and no final order of removal existed." Mot. at 3.  According to Petitioner, "[t]his [c]ourt has already recognized that this case presents a strong showing under all four Winter factors," and "the passage of each additional day of detention compounds the constitutional and physical harm to Petitioner." *Id.* at 3.  Petitioner, however, does not explain why he believes the court has already made determinations regarding this case, given that the court has not made any findings or issued any orders regarding Petitioner or his *habeas* petition previously.

Petitioner also does not present any specific arguments regarding his likelihood of success on the merits or identify any specific provisions of the INA, APA, or associated regulations that were violated by his arrest and detention.  *See* Mot.  While Petitioner argues his "entitlement to emergency relief is further supported by the reasoning applied by courts in this District in closely analogous circumstances," *id.* at 3–4 (citing *Mumaev*, 2026 U.S. Dist. LEXIS 40377),[2] Petitioner does not provide any arguments for why *Mumaev* (which concerned an individual who was paroled into the United States on humanitarian grounds to allow him to pursue asylum claims, and who was arrested and re-detained without compliance with the procedural requirements of the INA and associated regulations) establishes Petitioner is likely to succeed on the merits of his claims.  Petitioner's belief that the two cases are

---

[2] Petitioner argues this court explained in *Mumaev* that "'post-hoc initiation of removal proceedings cannot retroactively legitimize an unlawful arrest,' and that habeas jurisdiction 'attaches at the moment of unlawful custody.'" Dkt. 10 (Reply) at 3.  According to Petitioner, this court "further made clear that where detention is ultra vires from inception, 'a bond hearing is not the remedy for an unlawful seizure,' and that later agency action 'does not supply statutory authority that was absent when the government took the petitioner into custody.'" *Id.*  None of these purportedly quoted statements appear in the *Mumaev* decision, 2026 U.S. Dist. LEXIS 40377, and it is unclear why Petitioner states they do.

analogous is alone insufficient to establish that the court's reasoning in *Mumaev* applies equally here.

Petitioner, thus, fails to meet his initial burden to establish he is entitled to the injunctive relief requested.

### CONCLUSION

For the reasons stated, the Motion is DENIED.

As Respondents acknowledge Petitioner's claims are subject to the *Maldonado Bautista* judgment, Respondents are ORDERED to provide Petitioner with an individualized bond hearing before an immigration court, pursuant to 8 U.S.C. § 1226(a), within seven (7) days of the date of this Order. Petitioner's counsel is ORDERED TO SHOW CAUSE why counsel should not be sanctioned for misrepresentations to the court and to submit a declaration within seven (7) days of the date of this Order, addressing: (1) why counsel included purported quotations from the *Mumaev* decision, 2026 U.S. Dist. LEXIS 40377, in Petitioner's Reply (Dkt. 10 at 3), that this court did not make; (2) whether counsel used generative AI in drafting any documents submitted to the court; (3) whether counsel has included misquotations to the *Mumaev* decision in court filings submitted in other actions and, if so, identifying all other actions in which counsel misquoted the *Mumaev* decision; and (4) why Petitioner's counsel should not be sanctioned in an amount up to and exceeding $1,000 for counsel's misrepresentations to the court. *See* Fed. R. Civ. P. 11(b), (c); *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1536 (9th Cir. 1986) (attorneys have an affirmative duty to conduct a reasonable investigation "both as to law and as to fact").

IT IS SO ORDERED.

Dated: March 24, 2026

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

6